Opinion by
Willson, J.

(Transferred from Austin. J

§ 357. Gertiorari; several suits cannot be joined in; consolidation of suits. Appellee obtained eight several judgments by default against appellant, in as many separate suits in justice’s court. The judgments aggregated $213.16, exclusive of interest and costs. Three of them exceeded $20 each in amount, and the other five were each for less than $20. Appellant removed all these causes to the county court by certiorari, embracing them all in the same petition and bond. The certiorari proceeding was dismissed in the county court upon the ground that the joinder of the several suits in the proceeding by certiorari was not permissible. Held: The certiorari proceeding was properly dismissed. It has never been the practice to join two or more suits in the same certiorari proceeding, and it was never contem-' plated by the statute that it might be done. A certiorari. is but another mode of appeal, and it certainly would not be contended that several causes could properly be joined in one appeal bond. Even, if such a practice were permissible in any case, it would not be in a case like this, where the causes, or some of them, which are sought to be joined are not within the jurisdiction of the county court. In five of the cases neither the amount of judgment, nor the amount in controversy, exceeded $20, and the judgments in these cases were therefore final and conclusive. [Const, art. Y, sec. 16; E. S. art. 1165.] In these five cases, appeals to the county court could not have been entertained for the want of jurisdiction. If the county court could not take jurisdiction of them on appeal, neither could it on certiorari. Could the county court, by certiorari, consolidate the suits so as to bring them within its appellate jurisdiction? We *313 think not. It is only the court in which causes are pending that may consolidate them. It is not within the power of one court to consolidate causes pending in another. [R. S. art. 1450.] To permit a proceeding like this Would be to allow a court to acquire indirectly a jurisdiction which it could not acquire directly; to acquire a jurisdiction by certiorari which it could not acquire by appeal. It would also result in conferring upon the court of appeals a jurisdiction which the law does not confer. Thus, by means of this proceeding, if sustained, the county court would exercise appellate jurisdiction over a cause in which neither the judgment nor amount in controversy exceeded $20, and the court' of appeals would exercise its appellate jurisdiction over a cause in which neither the judgment of the county court, nor the amount in controversy, exceeded $100. Such a result would be in violation of the constitution and the law, which define and confer the jurisdiction of the courts.
October 22, 1884.
Affirmed.